UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP HAROLD BATES,           )
                                )
         Plaintiff,             )   Case No. 1:15-cv-00739-PLM-PJG
                                )
v.                              )   Honorable Paul L. Maloney
                                )
COMMISSIONER OF                 )
SOCIAL SECURITY,                )
                                )
         Defendant.             )
_____)

# REPORT AND RECOMMENDATION

This was a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits. On September 6, 2016, this Court entered a judgment reversing the Commissioner's decision and remanding this matter back to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further factual proceedings. (ECF No. 15). On October 12, 2016, plaintiff filed an application for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF No. 16). The Commissioner filed a timely response opposing plaintiff's application. (ECF No. 18). Plaintiff subsequently filed a reply to the Commissioner's response. (ECF No. 19). For the reasons set forth herein, I recommend that plaintiff's application be denied.

## Discussion

The EAJA provides in relevant part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010). A district court's decision granting or denying a motion for attorney's fees under the EAJA is reviewed on appeal under a deferential "abuse of discretion" standard. *DeLong v. Commissioner*, 748 F.3d 723, 725 (6th Cir. 2014).

The Sixth Circuit has identified three conditions that must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances that would warrant a denial of fees. *See DeLong*, 748 F.3d at 725. Plaintiff is a prevailing party under this Court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993); 28 U.S.C. § 2412(d)(2)(H). Plaintiff is a financially eligible person under the EAJA. *See* 28 U.S.C. § 2412(d)(2)(B).

Defendant opposes an EAJA award, asserting that the government's position was substantially justified. (ECF No. 18). Defendant has the burden of demonstrating that the government's position was substantially justified. *See*

*Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006). The government's position is substantially justified if it is "justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Defendant has carried her burden.

Plaintiff is not entitled to EAJA attorney's fees simply because he obtained a decision from this Court reversing the Commissioner's decision and remanding the matter for further administrative proceedings under sentence four of 42 U.S.C. §405(g). *See DeLong*, 748 F.3d at 726; *Ratliff v. Commissioner*, 465 F. App'x 459, 460 (6th Cir. 2012) ("The Commissioner's position may be substantially justified even if it is rejected by the district court."); *Couch v. Secretary of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984) ("The fact that this court finds a decision of the Secretary not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified."); *Saal v. Commissioner,* No. 1:08-cv-347, 2010 WL 2757554, at * 2 (W.D. Mich. June 24, 2010) ("The ALJ's failure to meet the articulation requirements in a decision 'in no way necessitates a finding [that the Commissioner's] position was not substantially justified.' " (quoting *Stein v. Sullivan,* 966 F.2d 317, 320 (7th Cir. 1992)).

This case turned on the narrow issue of whether the Administrative Law Judge's (ALJ) explanation of plaintiff's credibility regarding his pain and symptoms was sufficient. The ALJ stated that the "claimant's medically determinable

impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (ECF No. 7-2, PageID.58). *See also* (ECF No. 14, PageID.732). The ALJ went on to discuss the medical and opinion evidence but did not give further explanation of plaintiff's credibility. (ECF No. 7-2, PageID.58-62). *See also* (ECF No. 14, PageID.732).

This Court found that the ALJ concluded that the plaintiff's statements were not credible, but the ALJ's explanation of the credibility assessment was not supported by substantial evidence. (ECF No. 14, PageID.734-35).[1] This Court did not find that the credibility determination was not supported by the record, but instead, found that the ALJ did not provide enough evidence to support the conclusion that the plaintiff's statements were not credible. (ECF No. 14, PageID.732-35). *See DeLong*, 748 F.3d at 726-28 (holding that the Commissioner's defense of the ALJ's failure to provide an explanation of the credibility determination was substantially justified, which differs from finding that the ALJ's credibility determination was improper, incorrect, or based on selective consideration of the record.). The majority of the Commissioner's arguments, taken as a whole, were justified, and the credibility

---

[1] This Court also found that plaintiff's RFC was supported by substantial evidence and that the ALJ adequately discussed the weight of medical opinions in plaintiff's record. The Court reversed and remanded this case because the ALJ's credibility analysis was flawed and lacked evidence, not because the denial of benefits was improper. (ECF No. 14).

determination issue was distinct from the issues upon which the Commissioner prevailed. *See Amezola-Garcia v. Lynch,* 835 F.3d 553, 555 (6th Cir. 2016). The evidence did not strongly establish proof of disability or entitlement to DIB or SSI benefits, and the matter was remanded on the basis of this narrow issue to the Commissioner for further consideration of plaintiff's credibility. (ECF No. 14, PageID.732-35). Given the evidence of plaintiff's testimony and medical records, I find that the government's decision to deny plaintiff's claims for benefits and to defend that denial in this Court had a reasonable basis in law and fact, even though the ALJ's opinion was not sufficiently explicit. *See, e.g., Anderson v. Commissioner*, No. 98-6284, 1999 WL 1045072, at * 5-6 (6th Cir. 1999). Accordingly, I conclude that the Commissioner's position was substantially justified.

## Conclusion

For the reasons set forth herein, I recommend that plaintiff's application (ECF No. 16) be **DENIED**.

Dated: August 3, 2017                  /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge