UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| PHILLIP HAROLD BATES, | ) | |
|                 Plaintiff, | ) | |
| | ) | No. 1:15-cv-739 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
|                 Defendant. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING APPLICATION FOR EAJA FEES

On September 6, 2016, this Court issued an opinion and judgment in this appeal of the final decision of the Commissioner of Social Security denying benefits. The Court reversed the Commissioner's judgment and remanded the matter under sentence four of 42 U.S.C. § 405(g) for further factual proceedings. Plaintiff then filed an application for attorney fees (ECF No. 16), which the magistrate judge recommends be denied (ECF No. 20). Plaintiff filed objections. (ECF No. 21.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The issue presented by the application for fees and by the Government's response is whether the government's position was without substantial justification. "[A] position is substantially justified when it has a 'reasonable basis in both law and fact.'" *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). A remand for additional factual findings does not, by itself, satisfy this standard. *See Glenn v. Comm'r Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014). The Sixth Circuit has held that, generally, an ALJ's failure to sufficiently explain a conclusion results in a procedural error, not a substantive error. *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 727 (6th Cir. 2014). And, "when nothing specific about the specific remand at issue implies a lack of substantial justification[,]" an award of attorney fees is not appropriate. *Id.*

The government's position was substantially justified. Plaintiff challenged the ALJ's use of boilerplate language in assessing Plaintiff's credibility. The Commissioner defended the ALJ, but this Court concluded that the ALJ's opinion lacked a sufficient explanation of the findings regarding Plaintiff's credibility. The Court's conclusion identified a procedural problem and the conclusion did not imply that the ALJ's conclusion regarding Plaintiff's credibility was without justification. Undermining Plaintiff's request for fees, the Court noted that the Commissioner did provide reasons why the ALJ *could* have found Plaintiff not credible. (ECF No. 14 Opinion at 14 PageID.734.) Accordingly, the Commissioner's position on the issue remanded was not without substantial justification.

Having reviewed the R&R and objection, and the relevant case law, the Court **ADOPTS** the Report and Recommendation (ECF No. 20) as the opinion of this Court. Therefore, Plaintiff's application for EAJA fees (ECF No. 16) is **DENIED.**

**IT IS SO ORDERED.**

Date: August 21, 2017         /s/ Paul L. Maloney
                              Paul L. Maloney
                              United States District Judge

3