UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

————————————

| | | |
|---|---|---|
| PHILLIP HAROLD BATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-739 |
| | ) | |
| COMMISSIONER OF | ) | Honorable Paul L. Maloney |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————— | ) | |

## **REPORT AND RECOMMENDATION**

This was a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On September 6, 2016, this Court entered a judgment reversing the Commissioner's decision and remanding this matter back to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (ECF No. 15). On remand, the Social Security Administration awarded plaintiff past-due benefits.

This matter is now before this Court on plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (ECF No. 23) and a motion to supplement the motion for attorney's fees (ECF No. 25). Defendant did not file a response.

For the reasons stated herein, I recommend that the Court deny plaintiff's motion to supplement and grant his motion for attorney's fees.

## Proposed Findings of Fact

Plaintiff received a Notice of Award indicating that he is owed $59,598.00 in past-due benefits. (ECF No. 23-1, PageID.780). The Social Security Administration withheld a total of $14,899.50 to cover potential awards of attorney's fees. (*Id.*). Plaintiff's attorney, James R. Rinck, received an award of $6,000.00 from the withheld funds for work that he performed at the administrative level, and he is now seeking the remaining $8,899.50 for the work that he performed in this Court. (ECF No. 23, PageID.772).

Plaintiff was denied attorney fees pursuant to the EAJA, 28 U.S.C. § 2412. (ECF No. 22). Plaintiff's attorney spent a total of 30.80 hours representing plaintiff in this lawsuit. (ECF No. 23, PageID.772, 776-77).

## Discussion

### A.   Motion to Supplement

On February 14, 2019, more than two months after plaintiff filed the initial motion for attorney's fees, he filed a motion to supplement. Plaintiff did not file a certificate setting forth in detail the efforts that he made to ascertain whether his motion to supplement would be opposed. *See* W.D. MICH. LCIVR 7.1(d). Further, the motion to supplement was not accompanied by a supporting brief, as required by Western District of Michigan Local Civil Rule 7.1(a). The Court has not been presented with any developed argument and supporting legal authority explaining

-2-

how the notices of awards to individuals other than the plaintiff[1] (ECF No. 25-1, PageID.791-808) would support an increased award to plaintiff's attorney under 42 U.S.C § 406(b).  I recommend that the Court deny plaintiff's motion to supplement his motion for attorney's fees.

B.    Motion for Attorney's Fees

Section 406 "deals with administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; 406(b) controls fees for representation in court."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002); *see Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019).  "[E]ach tribunal may award fees only for the work done before it."  *Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*).  This court cannot award plaintiff's attorney anything under section 406 for the work he performed at the administrative level.

Attorney's fees under section 406(b) can only be awarded out of the plaintiff's award of past-due benefits.  "A prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits."  *Gisbrecht*, 535 U.S. at 792.  Section 406(b) "does not authorize the prevailing party to recover fees from the losing party.  Section 406(b) is of another

---

[1] Attorney Rinck indicates that these individuals are plaintiff's children.  (ECF No. 25, PageID.789).  None of the notices attached to the motion to supplement (ECF No. 25-1, PageID.791-808) indicates that funds have been withheld from the awards to cover attorney's fees.

genre:  It authorizes fees payable from the successful party's recovery." *Gisbrecht*, 535 U.S. at 802.  Section 406(b)(1)(A) states that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has held that section 406(b) calls for court review of such contingency fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits.  Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. . . . If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.  If the benefits are large in comparison to the time counsel spent on the case, a downward adjustment is similarly in order.

*Gisbrecht*, 535 U.S. at 808 (citations omitted).

-4-

Attorney Rinck asks for an award of $8,899.50 from the funds being withheld. (ECF No. 23, PageID.772).  Plaintiff did not receive an EAJA award.  The attorney's request does not exceed statutory limits.  An award in the amount of $8,899.50 would not result in a windfall and would fairly compensate the attorney for the work he performed in this matter.

## <u>Recommended Disposition</u>

For the reasons set forth herein, I recommend that the Court deny plaintiff's motion to supplement his motion for attorney's fees.  (ECF No. 25).  I further recommend that the Court grant plaintiff's motion for attorney's fees (ECF No. 23) and approve payment from plaintiff's award of past-due benefits to Attorney Rinck in the amount of $8,899.50.


Dated: June 20, 2019                    /s/  Phillip J. Green
                                        PHILLIP J. GREEN
                                        United States Magistrate Judge


## <u>NOTICE TO PARTIES</u>

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIvR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).