UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PHILLIP HAROLD BATES, ) | |
| Plaintiff, ) | |
| ) | No. 1:15-cv-739 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| Defendant. ) | |
| ) | |

## ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

This matter comes before the Court on a Report and Recommendation (ECF No. 27) and objections (ECF No. 29).

After this Court reversed the Commissioner's decision, the Social Security Administration awarded Plaintiff past-due benefits. The Social Security Administration withheld a portion of the past-due benefits for the purpose of a possible award of attorney fees. On December 12, 2018, Plaintiff filed a motion for attorney fees. (ECF No. 23.) On December 16, 2018, related to Plaintiff's award, the Social Security Administration awarded monthly child's benefits to two people, KP (ECF No. 25-1 PageID.801) and AB (*id.* PageID.805). These two award letters state that there are no past benefits available to be paid to the representative. (PageID.801; PageID.806.) On December 26, 2018, the Social Security Administration awarded monthly child's benefits to two more people related to Plaintiff's award, MB (*id.* PageID.791) and PB (*id.* PageID.796). These two award letters state that the child used a representative to assist with the claim and that the Social Security Administration had approved a fee agreement between the child and the representative.

(PageID.792; PageID.797.) On February 14, 2019, Plaintiff filed a supplemental motion seeking additional attorney fees based on the four dependent benefits awards. (ECF 25.)

The Magistrate Judge recommends granting the initial motion for attorney fees and denying the motion to supplement. Plaintiff objects.

Rule 72(a) allows a party to object to a ruling by a magistrate judge by filing objections in the district court where the case is assigned. Fed. R. Civ. P. 72(a). Under the Rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

The Magistrate Judge recommends denying the motion to supplement because the submission did not comply with various local rules and because Plaintiff did not develop any argument or present any legal authority to support the supplemental fee request.

Before considering the objections, the Court provides a brief discussion of deadlines for fee applications in Social Security cases. Local Rules contain specific provisions governing attorney fees in certain Social Security cases. *See* W.D. Mich. LCivR 54.2. The rule applies to motions for attorney fees brought under 42 U.S.C. § 406(b)(1)(A), the provision on which counsel relies here. *Id.* 54.2(a). The Local Rule includes a deadline for filing the motion for attorney fees, counsel "must file a motion for approval of fees . . . no later than thirty-five (35) days after the date shown on the face of the notice of award issued by the Social Security Administration." *Id.* 54.2(b). In his objection, counsel acknowledges the 35-day deadline, at least for the award of past benefits for Plaintiff. (PageID.809.) Plaintiff filed his supplemental motion approximately 60 days after the December 16 awards and 50 days after the December 26 awards.

The Court concludes the motion to supplement was timely filed within thirty-five days following the dependent benefits awards. On December 22, 2018, Chief Judge Robert Jonker issued an administrative order, 18-MS-109, temporarily staying all Social Security cases in the Western District due to the partial government shutdown. On February 15, 2019, Chief Judge Jonker lifted the temporary stay in a second administrative order, 19-MS-16.

## OBJECTIONS

1. Plaintiff contends he reserved the right to supplement his fee petition. Indeed, his initial motion for fees includes the following statement: "PLEASE NOTE THAT Plaintiff's attorney reserves the right to amend this petition because there are child's benefits which have not yet been computed; . . . ." (PageID.773.) This objection is overruled. Plaintiff must follow the applicable rules. The attempt to reserve rights does not give Counsel free rein; the rules for filing motions, including motions to amend and motions to supplement, must still be followed.

2. Plaintiff reasons that his failure to comply with the Local Rules should be excused because his initial motion (which the R&R recommends approving) and the supplemental motion (which the R&R recommends denying) follow the same format. The Local Rules do require a separate brief and motion. The Local Rules also require that the parties file a separate certificate setting forth any attempts to determine whether the motion would be opposed. Counsel did correct this latter oversight and filed his certification of concurrence after the R&R issued. (ECF No. 28.) At best, this objection establishes that the R&R does

not consistently enforce the Local Rules. The objection here does not establish that any portion of the R&R is clearly erroneous or contrary to law.

3. Plaintiff contends the equities of the situation demand a different outcome. Essentially, counsel has devoted a substantial amount of time on this action and has been successful. This objection does not establish that any finding of fact, conclusion of law, or recommendation in the R&R was clearly erroneous or contrary to law.

Although the Court concludes that Plaintiff has not identified an error of fact or law, the Court disagrees with the recommendation that Plaintiff's supplemental motion should be denied. The Court will exercise its inherent authority to enforce the Local Rules. Rather than denying the supplemental motion for failure to follow the Local Rules regarding the form of a motion, the Court will permit Plaintiff to file an amended motion for attorney fees related to the dependent benefits awards. Plaintiff will need to provide authority permitting attorney fee awards based on these dependent benefits awards. Plaintiff will also need to address the concern raised in the R&R in a footnote that no funds have been withheld from the dependent benefits awards for the purpose of covering attorney fees. And, because the dependent benefits awards were for different amounts, counsel will need to provide some fair mechanism for apportioning the requested fees from the separate dependents.

5

Accordingly, the Report and Recommendation (ECF No. 27) is **ADOPTED IN PART and REJECTED IN PART.** Plaintiff's motion for attorney fees (ECF No. 23) is **GRANTED.** Plaintiff's supplemental motion for fees (ECF No. 25) is **DENIED WITHOUT PREJUDICE.** Plaintiff may file a renewed motion for attorney fees based on the dependent benefits award no later than October 5, 2020. No later than October 13, 2020, Defendant must inform the Court whether it will oppose the renewed motion. If Defendant intends to oppose the motion, Defendant's response must be filed by October 19, 2020. **IT IS SO ORDERED.**

Date: September 16, 2020                              /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      United States District Judge