UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP HAROLD BATES,

        Plaintiff,                         Hon. Paul L. Maloney

v.                                            Case No. 1:15-cv-739

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Supplemental Motion for Section 406(b) Fees. (ECF No. 25). Plaintiff's counsel seeks $2,100.50 in fees, as detailed in his motion. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that counsel's motion be granted in part and denied in part.

## BACKGROUND

Plaintiff initiated this action challenging the decision by the Commissioner to deny his claim for disability benefits. The matter was ultimately remanded to the Commissioner for further administrative proceedings. (ECF No. 14-15). Plaintiff was subsequently awarded disability benefits, including past-due benefits in the amount of $59,598.00, twenty-five percent of which, $14,899.50, was withheld to pay counsel.[1] (ECF

---

[1] Counsel was separately awarded $6,000.00 in fees, paid from Plaintiff's award of past-due benefits, for his work before the Commissioner. (ECF No. 23 , PageID.772).

No. 23, PageID.778-82). Plaintiff's counsel thereafter moved this Court for an award of fees, in the amount of $8,899.50, to be paid from Plaintiff's award of past-due benefits. (ECF No. 23).

Before this motion could be resolved, Plaintiff supplemented his motion, seeking an additional $2,100.50 in fees based on the amounts awarded in past-due benefits to Plaintiff's children. (ECF No. 25). The undersigned recommended that counsel's motion for attorney's fees be granted, but that his supplemental request for additional fees be denied. (ECF No. 27). The Honorable Paul L. Maloney adopted the former recommendation, but rejected the latter, concluding instead that counsel's supplemental motion for fees be denied without prejudice. (ECF No. 30). Counsel now again moves the Court to approve his supplemental request for attorney fees.

## ANALYSIS

The Social Security Act provides that "whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Counsel did not represent Plaintiff's children before this Court. Nevertheless, to the extent Plaintiff's children received an award of past-due benefits based upon Plaintiff's disability, such amounts are, for present purposes, considered past-due benefits to which Plaintiff is entitled. *See Hopkins v. Cohen*, 390 U.S. 530, 533-35 (1968).

Counsel and Plaintiff executed a contingent fee agreement pursuant to which Plaintiff agreed to pay counsel "a fee of twenty-five percent (25%) of the past-due benefits resulting from [his] claim(s)." (ECF No. 23, PageID.784). There exists "a rebuttable presumption of reasonableness to contingency-fee arrangements that comply with § 406(b)'s 25-percent cap." *Lasley v. Commissioner of Social Security*, 771 F.3d 308, 309 (6th Cir. 2014). Nevertheless, counsel is not automatically entitled to 25 percent of his client's past-due benefits. Instead, the Court has an independent obligation to assess the reasonable of a request for attorney fees. *See Gisbrecht*, 535 U.S. at 807 ("§ 406(b) calls for court review of [contingent-fee agreements] as an independent check, to assure that they yield reasonable results in particular cases"). The burden to establish that a fee request is reasonable rests with counsel. *Ibid.*

Counsel is seeking an additional $2,100.50 in fees based upon the amount that Plaintiff's children were awarded in past-due benefits. Plaintiff's four children were awarded $18,806.00 in past-due benefits.[2] (ECF No. 25, PageID.791-808). As already noted, Plaintiff was awarded past-due benefits in the amount of $59,598.00. Thus, the total in past-due benefits paid pursuant to Plaintiff's application for benefits is $78,404. As noted above, Plaintiff received $6,000.00 for his work before the Commissioner; he was awarded $8,899.50 in his initial motion for fees; and he now requests an additional $2,100.50. The total of these three amounts, $17,000, is less than 25 percent of the

---

[2] While not established from the materials submitted by counsel, the Court has assumed that the amounts in past-due benefits paid to the children in question stem from Plaintiff's application for disability benefits.

amount paid in past-due benefits to Plaintiff and his children. Plaintiff's supplemental request is reasonable, conforms with § 406(b), and is consistent with counsel's contingent fee arrangement with Plaintiff. This conclusion does not, however, end the analysis.

Section 406(b) expressly provides that an award of fees thereunder is to be paid "out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b)(1)(A). Thus, the Commissioner generally withholds from an award of past-due benefits an amount, usually 25 percent, to potentially compensate the claimant's representative. Counsel concedes that the Commissioner did not withhold any portion of the past-due amounts paid to Plaintiff's children. Counsel has, however, already been awarded fees in an amount equal to the amounts withheld from the past-due benefits paid to Plaintiff and his children.[3] Stated differently, the funds withheld from the past-due benefits paid to Plaintiff and his children, for the payment of attorney fees, have all been distributed.

Counsel's supplemental request for fees, therefore, represents an additional amount that exceeds the amount withheld from the past-due benefits paid to Plaintiff and his children. While not clearly stated in his brief, counsel appears to argue that the solution to this circumstance is for the Court to order the Commissioner to satisfy the present fee petition from its own coffers, after which the Commissioner must attempt to recoup such amounts from Plaintiff and/or his children. The Sixth Circuit has rejected this approach.

---

[3] As noted above, $14,899.50 was withheld from the amount in past-due benefits paid to Plaintiff. Counsel was paid $6,000 of this amount for his work before the Commissioner and this Court has already approved counsel's request for $8,899.50 in fees.

In *Booth v. Commissioner*, 645 Fed. Appx. 455 (6th Cir., Apr. 20, 2016), Wolodymyr Cybriwsky represented Stevie Booth in his efforts to obtain disability benefits. *Id.* at 456. After his application was denied by the Commissioner, Booth, represented by Cybriwsky, filed suit in federal court. *Id.* at 457. The matter was ultimately remanded to the Commissioner after which Booth was awarded benefits, including $26,220.00 in past-due benefits of which $6,555.00 was withheld to compensate Cybriwsky. Counsel was subsequently awarded $6,000.00 in fees for his work before the Commissioner, after which the remaining $555.00 was refunded to Booth. *Ibid.*

Cybriwsky later moved in the district court for a fee award, pursuant to § 406(b), in the amount of $6,555.00. *Id.* at 457-58. While the court found counsel's request reasonable and proper, the court noted that the amount withheld from Booth's past-due benefits had already been paid to counsel or refunded to Booth. *Id.* at 458. Accordingly, the court instructed counsel that he would have to seek payment directly from Booth. Soon thereafter, counsel returned to the court requesting that, because Booth refused to pay the amount in question, the Commissioner should be ordered to do so. The court declined. Counsel appealed the matter to the Sixth Circuit, which held that "the Commissioner cannot be compelled to pay § 406(b) attorney's fees for court representation after the claimant's past-due benefits have been disbursed. . . ." As the court noted, the plain text of the statute, as well as sovereign immunity, mandated this result. *Ibid.*

Instead, Cybriwsky's only recourse was to pursue payment from his client.[4]  *Id.* at 459.

Counsel has presented no authority supporting a different result in the present matter.  Thus, while the Court finds that counsel is entitled to the amount requested, counsel must seek payment of such directly from Plaintiff for the reasons articulated herein.  The Court is without authority to order the Commissioner to pay such amounts.  Moreover, to the extent counsel asserts that Plaintiff is contractually obligated to pay the amount in question, the Court has no opinion on such as questions regarding Plaintiff's potential contractual obligations to counsel are not properly before the Court.  Finally, counsel suggests that the Commissioner, based on his failure to properly withhold funds from the amounts paid in past-due benefits to Plaintiff's children, must satisfy counsel's fee request.  The Court has no opinion on this matter as such is not properly before the Court.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Supplemental Motion for Section 406(b) Fees (ECF No. 25) be granted in part and denied in part.  Specifically, the Court recommends that counsel's request for an additional $2,100.50 in attorney's fees be granted, but that counsel's request that the Commissioner

---

[4] The court noted that Cybriwsky could attempt to recover from the Commissioner the $555.00 prematurely refunded to Booth, but that the remaining $6,000.00 counsel sought would have to be obtained directly from his client.  *Id.* at 459.  Here, there is neither an allegation nor evidence that any amounts initially withheld from the past-due benefits paid to Plaintiff or his children were prematurely refunded.  Thus, this distinction is not presently applicable.

be ordered to pay such be denied. Instead, for the reasons articulated herein, counsel must attempt to recover the amount in question from Plaintiff directly.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                Respectfully submitted,

Date: October 15, 2020                    /s/ Phillip J. Green
                                                PHILLIP J. GREEN
                                                United States Magistrate Judge